UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CORBY MARSHALL and SUMMER
MARSHALL, his wife,

    Plaintiffs,

v.                                                      CASE NO. 3:10-cv-1057-J-20JBT

UNITED STATES AUTOMOBILE
ASSOCIATION *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion for Protective Order and Quash Subpoena ("Motion"), filed on July 26, 2011, by a non-party Linda Miller-Dowie ("Ms. Dowie"), LCSW, who is Plaintiff Corby Marshall's ("Mr. Marshall") mental health care professional. (Doc. 47.)  On July 26, 2011, the Court took the Motion under advisement, directed "[a]ny party who wishes to respond to the Motion, either in opposition or in support thereof, [to] file a response on or before August 12, 2011," and temporarily stayed the subject discovery until further order of the Court. (Doc. 49.)  On August 12, 2011, Defendant United Services Automobile Association ("USAA") filed a Response in Opposition to the Motion ("Response") (Doc. 50).  To date, no other party, including Mr. Marshall, has filed a response; therefore, the Motion is now ripe.  For the reasons stated herein, the Motion is due to be **DENIED**.

The Motion seeks a protective order in response to a June 8, 2011 subpoena duces tecum served by USAA upon Ms. Dowie, Custodian of Medical Records, Atlantic Associates for Therapy, which seeks discovery of the complete file on Mr.

Marshall.[1] (Docs. 47, 50.) In its Response, USAA states:

> Due to the fact that Plaintiff is claiming mental anguish and the loss of capacity for the enjoyment of life as a result of the subject [automobile] accident, Ms. Dowie's records are relevant to both the Plaintiff's claim and the Defendant's defense and reasonably calculated to lead to admissible evidence.

(Doc. 50, ¶ 4.) The Response also provides that although USAA "served a Notice of Intent to Serve Subpoenas [Doc. 50-1] upon counsel for all parties on June 8, 2011," it "did not receive an objection from any party prior to serving its subpoena on Ms. Dowie and has not received any such objection since." (Doc. 50, ¶ 5.)

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In addition, "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Questions of privilege, "with respect to an element of a claim or defense as to which State law supplies the rule of decision," must be determined in accordance with State law. Fed. R. Evid. 501. Thus, questions of privilege in this case must be determined in accordance with Florida law.

Florida law recognizes a psychotherapist-patient privilege, but there is no privilege "[f]or communications relevant to an issue of the mental or emotional

---

[1] Although the subject subpoena has not been filed with the Court, based on the description thereof in the file, the Court is able to rule on the Motion.

condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense." Fla. Stat. § 90.503(4)(c). *See also Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1476 (11th Cir. 1984). A psychotherapist may claim the privilege "but only on behalf of the patient." Fla. Stat. § 90.503(3)(d).

Here, Ms. Dowie attempts to claim the privilege on behalf of Mr. Marshall. However, as shown by Defendant's Response and the absence of any response by Mr. Marshall to the Court's July 26, 2011 Order, Mr. Marshall has not objected to the subject subpoena even though he was served with Defendant's Notice of Intent to Serve Subpoenas (Doc. 50-1). (See Doc. 50, ¶ 5.) Moreover, even assuming that Ms. Dowie's claim of privilege is proper under these circumstances, her records would still not be subject to the privilege because Plaintiff, by alleging mental anguish and loss of capacity for the enjoyment of life in his Complaint (Doc. 2, ¶ 12), has placed his mental or emotional condition at issue and has, therefore, effectively waived the privilege, *see* Fla. Stat. § 90.503(4)(c); *Haney*, 744 F.2d at 1476.

The Motion also cites to Section 456.057 of the Florida Statutes, which provides that patient records may be furnished without the patient's written authorization "[i]n any civil . . . action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient's legal representative by the party seeking such records." Fla. Stat. § 456.057(7)(a)(3). Here, as stated above, Mr. Marshall has been given

"proper notice." Further, Ms. Dowie has not shown that producing the records is "otherwise prohibited by law." On the contrary, the law requires the production of such records, as previously discussed. Therefore, pursuant to § 456.057(7)(a)(3), Ms. Dowie may furnish the subject records without Plaintiff's written authorization.

Thus, based on the foregoing, the Motion is due to be denied. In addition, although Fed. R. Civ. P. 26(c)(3) and 37(a)(5) provide for an award of expenses in certain circumstances, none of the parties has sought expenses and the Court finds the Motion substantially justified. Therefore, the Court will not award expenses incurred in connection with the Motion.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 47**) is **DENIED**.

2. The temporary stay of the subject discovery is **LIFTED**. **On or before August 26, 2011**, Linda Miller-Dowie, LCSW, shall produce the discovery sought in Defendant's June 8, 2011 subpoena duces tecum.

**DONE AND ORDERED** at Jacksonville, Florida, on August 16, 2010.

*[signature: Joel B. Toomey]*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:
Counsel of Record

4