IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CORBY MARSHALL and
SUMMER MARSHALL, his wife,

    Plaintiffs,                             CASE NO.:   3:10-CV-1057-20JBT

vs.

UNITED STATES AUTOMOBILE ASSOCIATION, a
foreign corporation, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, a foreign
corporation, and JOSEPH P. DELANEY,

    Defendants.

---

## PLAINTIFFS' RESPONSE TO DEFENDANT JOSEPH DELANEY'S MOTION FOR COMPULSORY PHYSICAL EXAMINATION OF PLAINTIFF

Plaintiffs, CORBY MARSHALL and SUMMER MARSHALL, by and through their undersigned counsel, hereby file their Response to the above Motion of the Defendant (Doc. #52), as follows:

1. Plaintiffs are not in opposition to the general right of the Defendant to conduct a compulsory medical examination done in accordance with Rule 35. However, Plaintiff should not be subjected to multiple examinations by same or similar doctors for his orthopedic injuries just because there are multiple Defendants in this case. *See* LeFave v. Bordonaro, 2007 WL 1484999 (Fla. 2nd DCA 2007)(holding that it was not an abuse of discretion when the trial court denied a motion for a second CME where defendant had obtained a previous CME in the same specialty). Thus, while Plaintiffs would not object to

an order from this Court allowing a compulsory orthopedic medical examination to take place, Plaintiffs would also request that this be the **only** orthopedic CME that takes place in this case, and that the other Defendants in this case not be permitted to have their own individual compulsory orthopedic medical examinations.

2. Defendant has set forth in his Motion that no x-rays will be taken during the course of this orthopedic examination. However, Plaintiffs would object to any sort of diagnostic testing and/or invasive testing, not just x-rays. Any testing that is to be performed must be disclosed specifically in the Motion/Notice, so that a plaintiff can seek the protection of the Court if necessary. *See* Schagrin v. Nacht, 683 So.2d 1173 (Fla. 4th DCA 1996). There is **no** testing that is set forth to be done in Defendant's Motion, and therefore Plaintiffs would respectfully request a clarification by the court that no diagnostic testing and/or invasive testing will be permitted during the course of the orthopedic examination, including any x-rays, unless ordered by the Court.

3. Defendant has also set forth in his Motion that cancellation is required within 72 hours, or a $500 no show fee will be charged. Plaintiff objects to this cancellation fee, and the time frame that cancellation is "required", especially since the Plaintiffs do not live in Florida and would have to travel to Florida for this examination. Plaintiffs would be agreeable to a 24 hour cancellation time window and some reasonable cancellation fee, if and only if the physician incurs such a fee.

4. Finally, Plaintiff objects to the Defendant using Dr. John Von Thron for this compulsory orthopedic examination. One of Plaintiffs' counsel, Carl Scott Schuler, has had

2

a medical relationship as a patient with Dr. Von Thron in the recent past, and Dr. Von Thron has also treated Mr. Schuler's son, and thus a conflict would arise during the prosecution of this case if Dr. Von Thron were allowed to stay as a defense expert witness.

5. While generally the movant may select the examiner for a CME, there is no absolute right to choose the doctor for the examination, and the defendant's choice of doctor can be overridden by the court when a valid objection is raised. *See* Powell v. United States, 149 F.R.D. 122, 124 (E.D. Va. 1993); *see* Looney v. Nat. R.R. Passenger Corp., 142 F.R.D. 264, 265 (D. Mass. 1992). Therefore, Plaintiff would respectfully request this Court order that Defendant must choose a different orthopedic physician to use for this compulsory medical examination that is unrelated to Dr. Von Thron or his practice.

**WHEREFORE**, Plaintiffs respectfully request that this Court deny the Motion, at least in part, and enter an Order regarding this examination that addresses the issues set forth above.

SCHULER & LEE, P.A.

By: _____
CARL SCOTT SCHULER
Fla. Bar No.: 308900
BRIAN J. LEE
Fla. Bar No.: 561681
644 Cesery Boulevard, Suite 250
Jacksonville, Florida 32211
(904) 396-1911 (phone)
(904) 396-1941 (fax)
scott@schulerlee.com
brian@schulerlee.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2011, a copy sent by electronic transmittal and U.S. Mail of the foregoing was furnished to LAURA KIPSITZ STARRETT, ESQUIRE, Dwane D. Tyson and Associates, *Attorney for Defendant for State Farm Mutual Automobile Insurance Co.*, 1200 Riverplace Blvd., Suite 640, Jacksonville, FL 32207, KRISTEN M. VAN DER LINDE, ESQUIRE, Boyd & Jenerette, *Attorney for Defendant for United States Automobile Association*, 201 North Hogan Street, Suite 400, Jacksonville, FL 32202, DENNIS P. DORE, ESQUIRE, Dore & Associates, LLC, *Attorney for Defendant Joseph P. Delaney*, 3020 Hartley Rd., Suite 250, Jacksonville, FL 32257, and PAUL J. HEALY, ESQUIRE, *Co-Counsel for Plaintiffs*, 1830 Atlantic Blvd., Jacksonville FL 32207.

_____
Attorney