UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:10-CV-1057-20JBT

CORBY MARSHALL and
SUMMER MARSHALL, his wife

        Plaintiffs,

v.

UNITED STATES AUTOMOBILE ASSOCIATION, a
Foreign Corporation, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, a
Foreign Corporation, and JOSEPH P. DELANEY,
Individual

        Defendants.
_____/

### DEFENDANT JOSEPH P. DELANEY'S MOTION FOR SUMMARY JUDGMENT AS TO SUMMER MARSHALL, WITH INCORPORATED MEMORANDUM OF LAW

COMES NOW, Defendant, JOSEPH P. DELANEY (hereinafter "DELANEY"), by and through his undersigned counsel, and pursuant to Fed.R.Civ.P. 56(c), and hereby moves for Summary Judgment on the grounds that Plaintiff, SUMMER MARSHALL cannot maintain a cause of action for consortium when such claim is barred by her allegedly injured spouse's failure to reach the no-fault threshold. In support thereof, DELANEY states as follows:

**A.    BACKGROUND**

This cause of action arose from an automobile accident that occurred on or about December 17, 2008. The Plaintiffs filed suit against DELANEY for negligence, and against UNITED STATES AUTOMOBILE ASSOCIATION (hereinafter "USAA") and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM") for disputes regarding uninsured/underinsured (hereinafter "UM") benefits. Plaintiff, SUMMER MARSHALL included a consortium claim against DELANEY in the Complaint filed in this matter.

### B. STANDARD FOR SUMMARY JUDGMENT AND APPLICABLE LAW

Federal Rule of Civil Procedure 56 (c) provides that summary judgment shall be granted " if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c), see also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As the United States Supreme Court stated in *Celotex*, "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses and we think it should be interpreted in a way that allows it to accomplish this purpose." *Id*. at 323-24 (citations omitted). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997), (*citing Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986); *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992)). An issue of material fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Allen*, 121 F.3d at 646 (citations omitted).

Initially, the burden is on the moving party to "show, by reference materials on file, that there are no genuine issues of material fact to be determined at trial." *Mullins v. Crowell*, 228 F.3d1305, 1313 (11th Cir. 2000), (*citing Clark v. Coats and Clark, Inc.*, 929 F.2d 604,608 (11th Cir. 1991)). The movant may meet this burden by presenting evidence showing no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-23. Once the moving party has satisfied its burden, the burden shifts to the nonmoving party, who must show "that

summary judgment would be inappropriate because there exists a material issue of fact." Summary judgment for the moving parties should be granted when the evidence favoring the nonmoving party is "merely colorable . . . or is not significantly probative." *Anderson*, 477 U.S. at 249-50. "A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice" to demonstrate a material issue of genuine fact to preclude summary judgment. *Walker v. Darvey,* 911 F.2d 1573, 1577(11th Cir. 1990), (*citing Anderson*, 477 U.S. at 252).

### 1. CONSORTIUM CLAIM

The Florida Supreme Court held in *Faulkner v. Allstate Insurance Co.*, 367 So.2d 214 (Fla. 1979), that "a claim for loss of consortium, being derivative in nature is barred by the injured spouse's failure to reach the no-fault threshold..." In the *Faulkner* case, the husband's claim failed to meet the no-fault threshold, and as a result, the wife's claim was barred as well. (*citing Gates v.* Foley, 247 So.2d 40 (Fla. 1971) Clearly, these facts are applicable to the case before this Honorable Court. Plaintiff, CORBY MARSHALL has failed to meet the no-fault threshold, and as a result, his wife, SUMMER MARSHALL's claim should be barred as well.

### C. ARGUMENT

As DELANEY has argued in his MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CORBY MARSHALL, filed contemporaneously with the subject MOTION FOR SUMMARY JUDGMENT AS TO SUMMER MARSHALL, Plaintiff, CORBY MARSHALL has failed to meet the threshold requirement pursuant to the Florida Automobile Reparations Reform Act, Florida Statute §627.737(2)(b). As a result of CORBY MARSHALL'S failure to meet the threshold requirement, the consortium claim by his spouse, SUMMER MARSHALL, is barred.

No genuine issue of material fact exists, and therefore, DELANEY is entitled to

summary judgment as a matter of law.

### D. CONCLUSION

WHEREFORE, Defendant, JOSEPH P. DELANEY, respectfully requests that this Honorable Court grant Summary Judgment in favor of Defendant, JOSEPH P. DELANEY, and for any further relief that this Court deems equitable, just and proper.

DATED: This 1st day of March, 2012         Respectfully submitted,

 /s/Dennis P. Dore
**DENNIS P. DORE, ESQUIRE**
Fla. Bar No. 0356360
**PAMELA J. NELSON, ESQUIRE**
Fla. Bar No. 0949700
3020 Hartley Road, Suite 250
Jacksonville, Florida 32257
Telephone (904) 358-7881
Facsimile (904) 358-7899
**Counsel for Defendant**,
JOSEPH P. DELANEY
dpdore@dorelaw.com

### CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the undersigned counsel is not required to confer when filing a Motion for Summary Judgment, pursuant to M.D. Loc. R. 3.01(g).

Dated: This 1st day of March, 2012         **DORE & ASSOCIATES, LLC**

/s/Dennis P. Dore
**DENNIS P. DORE, ESQUIRE**
Fla. Bar No. 0356360
**PAMELA J.NELSON, ESQUIRE**
Fla. Bar No. 0949700
3020 Hartley Road, Suite 250
Jacksonville, Florida 32257
Telephone (904) 358-7881
Facsimile (904) 358-7899
**Counsel for Defendant**,
JOSEPH P. DELANEY
dpdore@dorelaw.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 1, 2012, I electronically filed the foregoing

document using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronically.

        **DORE & ASSOCIATES, LLC**

        */s/Dennis P. Dore*
        **DENNIS P. DORE, ESQUIRE**
        Fla. Bar No. 0356360
        **PAMELA J.NELSON, ESQUIRE**
        Fla. Bar No. 0949700
        3020 Hartley Road, Suite 250
        Jacksonville, Florida 32257
        Telephone (904) 358-7881
        Facsimile (904) 358-7899
        **Counsel for Defendant**,
        **JOSEPH P. DELANEY**
        dpdore@dorelaw.com

## SERVICE LIST
*CORBY MARSHALL vs. UNITED STATES AUTOMOBILE ASSOCIATION*
Case No. 3:10-cv-1057-20JBT
United States District Court, Middle District of Florida

**PAUL J. HEALY, ESQUIRE**
1830 Atlantic Blvd.
Jacksonville, FL 32207
Telephone:  (904) 391-0029
Facsimile (904) 399-4540
*Counsel for Plaintiffs*

**BRIAN J. LEE, ESQUIRE**
**CARL S. SCHULER, ESQUIRE**
SCHULER AND LEE, P.A.
644 Cesery Boulevard, Suite 250
Jacksonville, FL 32211
Telephone: (904) 396-1911
Facsimile (904) 396-1941
*Co-counsel for Plaintiffs*

**LAURA L. STARRETT, ESQUIRE**
Lynn Leonard and Associates
1200 Riverplace Boulevard, Suite 640
Jacksonville, FL 32207
Telephone: (904) 493-3400
Facsimile (904) 493-3460
*Counsel for Defendant, State Farm Mutual Automobile Insurance Co.*

**KRISTIN M. VER DER LINDE, ESQUIRE**
Boyd & Jenerette, P.A.
201 North Hogan Street, Suite 400
Jacksonville, FL 32202
Telephone: (904) 353-6241
Facsimile:  (904) 493-3746
*Counsel for Defendant, USAA*