IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CORBY MARSHALL and
SUMMER MARSHALL, his wife,

    Plaintiffs,                                     CASE NO.:    3:10-CV-1057-20JBT

vs.

UNITED STATES AUTOMOBILE ASSOCIATION, a
foreign corporation, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, a foreign
corporation, and JOSEPH P. DELANEY,

    Defendants.
_____/

**PLAINTIFFS' MOTION FOR DISMISSAL OF SUMMER MARSHALL AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, CORBY MARSHALL and SUMMER MARSHALL, file the above Motion and respectfully request that this Court allow dismissal of SUMMER MARSHALL'S claims in this lawsuit on the following grounds:

Rule 41(a)(2), Fed. R. Civ. P., states that except as provided in Rule 41(a)(1), an action may be dismissed at the Plaintiff's request only by court order, on terms that the court considers proper. The Eleventh Circuit has maintained that "in most cases, a voluntary dismissal should be granted unless the Defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit." *See* Pontenberg v. Boston Science Corp., 252 F.3d 1253, 1256 (11th Cir. 2001); *See* GMAC, LLC v. Thomas, 2008 U.S. Dist LEXIS 88468 (N.D. Fla 2008). Clear legal prejudice depends upon whether the Defendant would lose any substantial right by the dismissal. *See Pontenberg*, at 1255-1256.

In <u>75 Retail Enters v. King</u>, 2006 U.S. Dist. LEXIS 37096 (M.D. Fla. 2006), the Middle District, in applying the <u>Pontenberg</u> standard, held that a voluntary dismissal was appropriate even in the midst of a pending summary judgment motion because "Plaintiffs should not be required to prosecute - and the resources of the Court should not be expended to resolve - claims which the Plaintiffs wish to abandon." Here, Plaintiffs wish to dismiss SUMMER MARSHALL, and her claims only, as a Plaintiff in this case. By dismissing Mrs. Marshall as a Plaintiff, the Defendants would not lose any defenses available to them, nor would they lose any substantive rights. Defendants would not suffer any prejudice with the dismissal, much less the clear legal prejudice that must be present in most cases. Further there are no pending motions for Summary Judgment from the parties as this Court has already ruled on Defendant Delaney's Motions.

Plaintiffs' counsel has conferred with opposing counsel regarding this Motion, and opposing counsel objects to this Motion being granted. However, as shown above, Defendants will suffer no prejudice si this Motion is granted.

WHEREFORE, Plaintiff respectfully request that this Court enter an Order granting their Motion, and allow the dismissal of Summer Marshall from this case.

SCHULER & LEE, P.A.

By _____
**CARL SCOTT SCHULER**
Fla. Bar No.: 308900
**BRIAN J. LEE**
Fla. Bar No.: 561681
644 Cesery Boulevard, Suite 250
Jacksonville, Florida 32211
(904) 396-1911
(904) 396-1941 (fax)
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June ____20th____, 2012, a copy sent by U.S. Mail of the foregoing was furnished to LAURA KIPSITZ STARRETT, ESQUIRE, Dwane D. Tyson and Associates, *Attorney for Defendant for State Farm Mutual Automobile Insurance Co.*, 1200 Riverplace Blvd., Suite 640, Jacksonville, FL 32207, KRISTEN M. VAN DER LINDE, ESQUIRE, Boyd & Jenerette, *Attorney for Defendant for United States Automobile Association*, 201 North Hogan Street, Suite 400, Jacksonville, FL 32202, DENNIS P. DORE, ESQUIRE, Dore & Associates, LLC, *Attorney for Defendant Joseph P. Delaney*, 3020 Hartley Rd., Suite 250, Jacksonville, FL 32257, and PAUL J. HEALY, ESQUIRE, *Co-Counsel for Plaintiffs*, 1830 Atlantic Blvd., Jacksonville, Florida 32207.

_____
Attorney