IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CORBY MARSHALL, | ) |
|     Plaintiff | ) ) ) ) CASE NO: 3:10-cv-1057-20JBT |
| vs. | ) ) |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, a foreign corporation, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, MSC GROUP, INC. a foreign corporation, and JOSEPH P. DELANEY, Individual | ) ) ) ) ) ) ) |
|     Defendants | |

### UNITED SERVICES AUTOMOBILE ASSOCIATION'S MOTION TO DISMISS FOR FRAUD, MOTION TO STAY, AND/OR MOTION TO SUBSTITUTE TRUSTEE AS PLAINTIFF

Defendant UNITED SERVICES AUTOMOBILE ASSOCIATION, by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure 26(g)(1), 37(c)(1), 41(b), moves this Honorable Court to dismiss this matter for fraud, to stay, and/or to substitute the trustee as Plaintiff and in support states as follows:

1. The instant personal injury lawsuit was filed on September 15, 2010.

2. In preparation for the trial currently scheduled for September 9, 2013, the undersigned discovered that the Plaintiff filed for bankruptcy on March 29, 2011. See In re Corby Wayne Marshall, Case No. 3:11-bk-02215-PMG (M.D. Fla. 2011). A Discharge was recently entered on June 4, 2013. Id.

3. The petition for bankruptcy shows the following other lawsuits:

- Iberiabank v. Marshall, Case No. 16-2010-CA-000317, Fourth Circuit, Duval County, Florida (debt collection action - filed January 8, 2012).

- <u>TD Bank, N.A. v. Marshall</u>, Case No. 16-2011-CA-002359, Fourth Circuit, Duval County, Florida (foreclosure – filed March 21, 2011).
- <u>Wilmington Trust Co. v. Marshall</u>, Case No. 16-2010-CA-006007, Fourth Circuit, Duval County, Florida (foreclosure – filed March 5, 2010).
- <u>Proficio Bank v. Marshall</u>, Case No. 2011-CA-001668, Fourth Circuit, Duval County, Florida (debt collection – filed February 23, 2011).
- <u>Proficio Bank v. Marshall</u>, Case No. 2011-CA-001667, Fourth Circuit, Duval County, Florida (debt collection – filed February 23, 2011).
- <u>Proficio Bank v. Marshall</u>, Case No. 2011-CA-001497, Fourth Circuit, Duval County, Florida (debt collection – filed February 17, 2011).
- <u>Marshall v. Marshall</u>, Case No. SPDR1100251, Chatham County, Georgia (divorce – filed February 16, 2011)

*Exhibit A.*

4. On May 26, 2011, the Plaintiff answered sworn interrogatories to USAA. Specifically, he responded as follows:

> 25. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether you were a plaintiff or defendant, the nature of the action and the date and court in which such suit was filed.
>
> **No.**

*Exhibit B.*[1]

5. On May 26, 2011, that same day, the Plaintiff answered sworn interrogatories to State Farm. Specifically, he responded as follows:

> 22. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.
>
> **Yes, I was the Plaintiff in a Worker's Compensation lawsuit. My knee was hurt on the job. The incident happened in 2007 in Chatham County, Georgia.**

*Exhibit C.*

6. On June 9, 2011, the Plaintiff answered sworn interrogatories to Joseph Delaney.

---

[1] To date, the Plaintiff has not supplemented any answers to interrogatories.

Specifically, he responded as follows:

> 22. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.
>
> **Yes, I was the Plaintiff in a Worker's Compensation lawsuit. My knee was hurt on the job. The incident happened in 2007 in Chatham County, Georgia.**

*Exhibit D.*

7. Corby Marshall's deposition was conducted on December 12, 2011. At the deposition, Marshall testified under oath as follows:

> Q: Other than the lawsuit that we're here about, have you ever otherwise been a party to a lawsuit?
> A: Yes.
> Q: What lawsuit or lawsuits were those?
> A: I was a party to a lawsuit that was a worker's comp claim against LabCorp. I was a party to a lawsuit with Ibernia Bank.
> Q: That had to do with?
> A: A real estate development with Phillips Medical Capital. It has to do with a medical facility.
> Q: Any other lawsuits?
> A: I've sued tenants before for rental – I don't recall the names actually. A couple of different tenants. And Proficio Bank as it relates to real estate, too.

*Exhibit E, Page 18, Lines 9-23).*

8. Even though he had numerous opportunities to do so, Plaintiff Corby Marshall never disclosed the bankruptcy action to the defendants. Corby Marshall never filed a suggestion of bankruptcy.

9. USAA was never advised of the bankruptcy and subsequent discharge.

10. Corby Marshall never filed a Motion for Relief from Stay in the bankruptcy case for the pending litigation. See In re Corby Wayne Marshall, Case No. 3:11-bk-02215-PMG (M.D. Fla. 2011). See generally In re Woodruff, 2010 WL 386209 (Bankr. M.D. Ala. 2010) ("[M]otions for relief from

the automatic stay are unique in that such matters are necessarily handled with great speed. The Bankruptcy Code provides that such motions are granted automatically if not ruled upon in 30 days.").

11. The Trustee never filed a notice of abandonment of the asset of the estate – this cause of action. Id.

12. The above-actions are especially important given the fact that there is a pending attorney's fee claim against the Plaintiff by MSC Group, Inc. and the other parties to this action have served Offers of Judgment, which may trigger an attorney fee claim after trial.

13. This action should be dismissed for fraud as Corby Marshall intentionally concealed the bankruptcy petition from the defendants in an attempt to avoid the automatic stay required under 11 U.S.C. § 362(a), to avoid the trustee from being substituted as the real party of interest, to avoid all his rights in the action being extinguished, and to avoid any proceeds of the lawsuit being claimed by the Estate. Corby Marshall has no right to bring this action and lacks standing to do so. The public and the parties to this action would be injured if this matter proceeds further. The process of the trial itself has been subverted. Marshall's actions go beyond mere perjury.

13. Marshall should further be judicially estopped from proceeding with this matter given the inconsistent positions taken before this Court. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). By prosecuting this action in violation of the stay, he is taking the position that the lawsuit proceeds are not an asset of the estate; yet, Marshall specifically listed the lawsuit as an asset in the bankruptcy schedule. *Exhibit A*. Marshall had motive for concealment.

14. If the Court does not dismiss this matter, it should stay the pending litigation or substitute the trustee as the real party in interest.

## MEMORANDUM OF LAW

I. **DISMISSAL IS PROPER AS MARSHALL HAS SENTIENTLY SET IN MOTION SOME UNCONSCIONABLE SCHEME CALCULATED TO INTERFERE WITH THE JUDICIAL SYSTEM'S ABILITY IMPARTIALLY TO ADJUDICATE BY IMPROPERLY INFLUENCING THE TRIER OF FACT OR UNFAIRLY HAMPERING THE PRESENTATION OF THE OPPOSING PARTY'S CLAIM OR DEFENSE.**

"The United States Supreme Court has recognized a court's inherent power to impose the sanction of dismissal in response to abusive litigation practices." McDowell v. Seaboard Farms of Athens, Inc., 10 Fla. L. Weekly Fed. D 355 (M.D. Fla. 1996). See also Hughes v. Matchless Metal Polish Co., 2007 WL 2774214 (M.D. Fla. 2007). "The power of any court to manage its own affairs, which necessarily includes the authority to impose reasonable and appropriate sanctions on the parties to litigation before it, is deeply rooted in the common law tradition." Vargas v. Peltz, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995). Dismissal is appropriate where "the plaintiff 'has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.'" Bryant v. Troutman, 2006 WL 1640484 (M.D. Fla. 2006).

By failing to disclose the bankruptcy action and/or filing a suggestion of bankruptcy, Marshall sentiently set in motion a scheme to defraud the Court, the parties and his creditors. Specifically, Marshall concealed the bankruptcy filing to usurp a cause of action belonging to the bankruptcy estate. 11 U.S.C. § 541(a)(1). He has no standing to bring and prosecute this action. He has no legal right to proceed as Marshall's rights in the action were extinguished. His actions were an attempt to avoid the automatic stay which would apply to halt this action and to avoid any proceeds of the lawsuit from being claimed in the Estate to be distributed to creditors.

In any event, the process of the trial itself has been subverted. Marshall acted in a manner "so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases

that are presented for adjudication." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985).

Additionally, Marshall unfairly hampered the defendants' claims. Currently, MSC Group, Inc. has a pending attorney fee claim against Marshall. The other parties have served Offers of Judgment to Marshall, which may be triggered post-trial. By concealing the bankruptcy pending before this very Court, Marshall essentially deprived the defendant of those claims for attorney's fees. He deprived them of the effect of any attorney fee judgment and any execution thereof as assets were distributed in the bankruptcy action to the creditors. Marshall's demonstrated penchant for trying to have his cake and eat it too may manifest itself again later in the instant case if he seeks to avoid responsibility for any subsequent fee and/or cost judgments by taking the position that he lacked the legal capacity to dismiss this suit after he filed the bankruptcy petition.

Moreover, Marshall deprived the defendants of the opportunity to explore his financial motive in discovery. If the Defendants had known he had financial problems to the extent set forth in the petition for bankruptcy, they would have questioned him concerning improper secondary gain and sought discovery thereon. At this point, the discovery cutoff has passed and the defendants have been deprived of the opportunity to do so. Indeed, Mr. Marshall's total liabilities totaled over $12,000,000. *Exhibit A.*

Dismissal is appropriate as Marshall's "conduct threatens the very integrity of the judicial process." McDowell v. Seaboard Farms of Athens, Inc., 10 Fla. L. Weekly Fed. D 355 (M.D. Fla. 1996). His concealment of the bankruptcy constitutes bad faith. Fed. R. Civ. Pro. 41.

II. **MARSHALL WILLFULLY VIOLATED THE AUTOMATIC STAY WHICH WOULD HAVE ISSUED ON MARCH 29, 2011.**

A bankruptcy petition acts as an automatic stay of all actions against the debtor, property of the debtor or property of the estate, which includes causes of action. 11 U.S.C. § 362(a). "The automatic

stay comes into effect immediately upon the commencement of the bankruptcy case and is 'good against the world, regardless' of whether a party has notice of the stay or the bankruptcy filing." In Matter of Allied Holdings, Inc., 355 B.R. 372, 376 (Bankr. N.D. Ga. 2006). "It is true that acts taken in violation of the automatic stay are generally deemed void and without effect." In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984). See also Kalb v. Feuerstein, 308 U.S. 433, 443 (1940); Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir.1982).

"The court must be also 'especially hesitant to validate acts committed during the pendency of the stay' and, when determining whether to do so, must be mindful of the purpose of the automatic stay. Specifically, the court should be cognizant of the fact that the automatic stay is not only intended to protect the debtor from collection actions and to afford the debtor a 'breathing spell' in which it can reorganize, but is also intended to protect the interests of the debtor's other creditors." In Matter of Allied Holdings, Inc., 355 B.R. 372, 377 (Bankr. N.D. Ga. 2006).

As noted above, the petition was filed on March 29, 2011. At that point, the automatic stay should have ceased all action in this litigation. As a party to the bankruptcy action, Marshall had full knowledge of the stay. Marshall willfully attempted to conceal the bankruptcy from the defendants and continue his improper pursuant of the litigation. Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1555 (11th Cir. 1996). All actions taken after March 29, 2011 are void and without effect. The Plaintiff wasted the Court's and the parties' time, money and resources by failing to comply with the automatic stay.

### III. THE TRUSTEE IS THE REAL PARTY OF INTEREST AND SHOULD BE SUBSTITUTED AS PLAINTIFF. MARSHAL LACKS STANDING TO PROSECUTE THIS ACTION.

When a debtor files for bankruptcy, the estate encompasses all assets that the debtor has an interest in. In re Engelbrecht, 368 B.R. 898, 901 (Bankr. M.D. Fla. 2007). In other words, all assets – tangible and intangible – vests in the estate. 11 U.S.C. § 541(a)(1) (providing that the bankruptcy

estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case").

"Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case." Parker v. Wendy's Intern., Inc., 365 F.3d 1268, 1272 (11th Cir. 2004). See also In re Mills, 46 B.R. 525, 526 (Bankr. S.D. Fla. 1985) (holding liquidated personal injury cause of action is property of estate). "Once a trustee is appointed, he 'succeeds to all causes of action held by the debtor at the time the petition is filed.'" In re Engelbrecht, 368 B.R. 898, 901 (Bankr. M.D. Fla. 2007). All rights of the debtor in that cause of action are extinguished. Parker, 365 F.3d at 1272. Thus, only the bankruptcy trustee has standing to pursue it. Id. See Barger v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir.2003).

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate." Parker v. Wendy's Intern., Inc., 365 F.3d 1268, 1272 (11th Cir. 2004). Marshall does not have standing to pursue the instant litigation. Hadden v. State Farm Fire & Cas. Co., 37 So. 3d 918, 920 (Fla. 5th DCA 2010) ("It goes without saying that Hadden has no standing to pursue the lawsuit while it belongs to the bankruptcy estate."). The Trustee should be substituted as the real party in interest. Fed. R. Civ. P. 25 ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.").

Accordingly, the Trustee is the "one who has the authority and responsibility to go forward with [the] suit." In re Tarrant, 349 B.R. 870, 873 (Bankr. N.D. Ala. 2006). Accord In re Degenaars, 261 B.R. 316 (Bankr. M.D. Fla. 2001).

WHEREFORE, Defendant UNITED SERVICES AUTOMOBILE ASSOCIATION respectfully requests this Court to dismiss this lawsuit for fraud, or in the alternative, stay the litigation or to substitute the trustee as the real party of interest and plaintiff.

BOYD & JENERETTE, P.A

*/s/ Kristen Van der Linde*
**KRISTEN M. VAN DER LINDE**
Florida Bar Number: 0964573
kvanderlinde@boyd-jenerette.com
**TRIAL COUNSEL**
**BILLIE JO TAYLOR**
Florida Bar Number: 057613
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-5655 – Facsimile
Attorneys for Defendant, United Services Automobile Association

Case 3:10-cv-01057-HES-JBT   Document 242   Filed 08/21/13   Page 10 of 10 PageID 1717

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Paul J. Healy**, Esquire, 1830 Atlantic Boulevard, Jacksonville, FL 32207; **Brian James Lee, Esquire, Carl Scott Schuler, Esquire**, 644 Cesery Blvd., Suite 250, Jacksonville, FL 32211; **Dennis P. Dore, Esquire, Pamela J. Nelson, Esquire**, 1200 Riverplace Boulevard, Suite 201, Jacksonville, FL 32207; and **Amy McGuiness, Esquire**, 1200 Riverplace Boulevard, Suite 640, Jacksonville, FL 32207; by the Court's CM/ECF system and there are no non- CM/ECF participants this action 21st day of August, 2013.

_____
ATTORNEY