UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**CORBY MARSHALL,**

    **Plaintiff,**

vs.                                          **CASE NO. 3:10-cv-1057-J-20JBT**

**UNITED STATES AUTOMOBILE ASSOCIATION,**
**a Foreign Corporation, STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE COMPANY, a**
**Foreign Corporation, MSC GROUP, INC., a Foreign**
**Corporation, and JOSEPH P. DELANEY,**
**individual,**
    **Defendants.**
_____/

## ORDER

This matter is before this Court on "Defendant United Services Automobile Association's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Dkt. 282), Defendant Delaney's response (Dkt. 285), and the parties' Notices (Dkts. 287-290).

In this motion, Defendant United Services Automobile Association ("USAA") maintains that diversity jurisdiction is lacking and this case must be remanded to state court. Defendant Joseph Delaney, however, requests this Court sever the breach of contract action against USAA, and thereby preserve diversity jurisdiction.

This case arises out of an automobile accident between Plaintiff, Corby Marshall and Delaney, which occurred on December 17, 2008, in Jacksonville, Florida. Plaintiff filed suit in state court against Delaney, uninsured motorist carrier State Farm Mutual Automobile Insurance Company ("State Farm"), and uninsured motorist carrier USAA. Delaney filed a Notice of

Removal based on diversity under 28 U.S.C. §1332.

Thereafter, Plaintiff filed a three-count Amended Complaint. Count I asserted a claim for motor vehicle negligence against Defendants Delaney and MSC Group, Inc. ("MSC"). While Count II alleged an underinsured motorist claims as to USAA, and Count III asserted an uninsured motorist claim against State Farm. MSC filed a motion for summary judgment, and this Court determined that since Delaney was on a personal mission at the time of the accident, MSC was entitled to summary judgment.

Plaintiff appealed this ruling. On December 5, 2013, the Eleventh Circuit entered a Limited Remand for this Court to determine USAA's status and citizenship and determine whether diversity jurisdiction existed. On January 22, 2014, this Court held a hearing on this issue. On January 23, 2014, this Court entered an order which made the following factual findings: 1) USAA is a reciprocal inter-insurance exchange organized under the laws of Texas; 2) USAA is considered an unincorporated association; and 3) USAA has members in all fifty (50) states of the United States of America. Based on those factual findings, this Court concluded that diversity jurisdiction was absent in this case, *see Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 845 (10th Cir 1988), and that this case must be dismissed. (Dkt. 267).

Ultimately, the Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction, due to Plaintiff's appeal of a non-final Order. (Dkt. 271). The Eleventh Circuit explained, however, that this Court may need to resolve the remaining issues regarding subject matter jurisdiction.

Thereafter, this Court held a pretrial conference where the possibility of severing USAA from the proceedings was address, and the parties were directed to provide this Court with their

position on this potential course of action. Plaintiff responded that he had "no objection to the dismissal of USAA from this action, as long as USAA agrees to be bound by the determinations made by the jury in this case to the extent of their insurance coverage . . . ." (Dkt. 287). Delaney agreed to "sever USAA from the proceedings and allow the remaining parties to proceed to trial," but explained that "depending on the amount of the jury verdict, the Court would proceed and have jurisdiction of any coverage issue with respect to the Hartford policy" and "should this Court determine that the Hartford policy does not apply, the abatement of the claim against USAA would be lifted." (Dkt. 290). Whereas, State Farm restated that "the only potential jurisdictional issues, ergo potential issues regarding severance of claims, concern USAA." (Dkt. 288). Finally, USAA agreed to be severed from the proceedings and allow the case to proceed to trial against Delaney and State Farm. (Dkt. 289). However, USAA explained, "[d]epending on the amount of the jury verdict, and if there is an issue with coverage from the Hartford in regard to coverage for Defendant Delaney, the Court will then proceed forward with determining coverage with respect to the Hartford policy" and if "after determining the coverage issue, the Court determines that the Hartford policy does not apply, then the abatement of USAA from the matter would be lifted." *Id.*

Based upon the discussion with the parties at the pretrial conferences and these notices, this Court determines that this case should be remanded to state court for want of diversity jurisdiction. This Court's previous findings are clear that USAA's presence in this matter defeats diversity jurisdiction. While a non-diverse dispensable party may be dismissed to preserve diversity jurisdiction, *see Fritz v. American Home Shield Corp.*, 751 F.2d 1152 (11th Cir.1985), this Court does not conclude that is the proper course for this case. Plaintiff's claim against

3

USAA originated in the original Complaint (Dkt. 2) and was re-alleged in the Amended Complaint (Dkt. 176). This is not an action where a party was added to the litigation in an attempt to avoid removal to federal court. Instead USAA was a defendant in this case prior to the removal.

Further, it appears that severing USAA would leave this Court with unnecessary pitfalls to navigate. Both USAA and Delaney recognize, even if USAA is severed from the trial, there is the potential for them to reappear depending on the amount of the jury verdict and the potential Hartford policy coverage. Upon reflection, this Court concludes that severing USAA from this case is unwise. This case, therefore, will be remanded to state court.

Accordingly it is **ORDERED**:

1. "Defendant United Services Automobile Association's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Dkt. 282) is **GRANTED**;

2. This case is remanded to the Fourth Judicial Circuit, in and for Duval County, Florida; and

3. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of January, 2015.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Duval County Clerk of Courts
Brian J. Lee, Esq.
Carl Scott Schuler, Esq.
Paul J. Healy, Esq.
Kristen M. Van der Linde, Esq.
Amy McGuiness, Esq
Dennis P. Dore, Esq.
Pamela J. Nelson, Esq.
Diane L. Paull, Esq.

5